AMERICAN AUTOMOBILE CONSUMER REPAIR AGREEMENT LIMITED et al., Respondents, v JAMES P. CORCORAN, as Superintendent of Insurance of the State of New York, Appellant.

First Department, May 30, 1985

### APPEARANCES OF COUNSEL

*Donald A. Rosales* for petitioners.

*Jane Breslin Jacobs* of counsel (*Richard G. Liskov* with her on the brief; *Robert Abrams, Attorney-General,* attorney), for appellant.

### OPINION OF THE COURT

MILONAS, J.

Petitioner AACR Agency Ltd. is a licensed insurance agency, but neither of the petitioners is a licensed property/casualty insurer. Since 1979, petitioners have offered a "service contract"

to the public as a substitute for automobile collision and comprehensive insurance. The Office of General Counsel of the New York State Insurance Department reviewed the agreement and, in January of 1980, issued an opinion that petitioners were not engaged in the business of insurance. Subsequently, however, petitioners revised the form of this contract.

In 1983, the Department of Insurance, in the course of conducting an inquiry into such service contracts as an alternative to physical damage insurance, requested petitioners to attend a conference and provide certain information. Petitioners thereupon supplied the material sought by the Department. The Insurance Department reviewed petitioners' sales literature, contracts, rating sheets, list of salesmen and other pertinent data. Then, without having given any prior indication to petitioners that their service repair contracts might be declared illegal insurance and that their business subject to termination, respondent Department of Insurance simply directed, pursuant to a letter dated January 20, 1984, that petitioners "Cease and Desist" from "entering into and offering to enter into the 'Service Repair Agreement' in this State." The instant CPLR article 78 proceeding ensued.

In a decision and judgment (one paper), dated July 24, 1984, Special Term granted the application to annul respondent's determination and vacate the cease and desist orders. The court did this "without prejudice to an action by the Insurance Department for a declaratory judgment on whether the auto repair service contracts represent insurance." Although Special Term properly granted the petition, it incorrectly reasoned that: "In essence, the Department made a determination that petitioners were violating the licensing provisions of Section 40 of the Insurance Law. A violation of Section 40 is deemed a 'defined violation' under Insurance Law Section 2402 and requires that a formal hearing be held by the Superintendent."

It is respondent's contention that petitioners were in violation of Insurance Law § 40 (1), recodified, effective September 1, 1984, as section 1102 (a), which states that: "No person, firm, association, corporation or joint-stock company shall do an insurance business in this state unless authorized by a license in force pursuant to the provisions of this chapter, or exempted by the provisions of this chapter from such requirement. Any person, firm, association, corporation or joint-stock company which transacts any insurance business in this state while not authorized to do so by a license issued and in force pursuant to this chapter, or exempted by this chapter from the requirement

of having such license, shall, in addition to any other penalty provided by law, forfeit to the people of this state the sum of one thousand dollars for the first such violation and two thousand five hundred dollars for each subsequent violation."

Moreover, Insurance Law § 327 (a) empowers the Superintendent to maintain and prosecute an action against any insurer, trustee, agent, broker, adjuster or "against any other person subject to the provisions of this chapter, for the purpose of obtaining an injunction restraining such person or persons from doing any acts in violation of the provisions of this chapter." Thus, the appropriate means for the Department of Insurance to challenge specific conduct (with the possible exception of what is denominated a "defined violation") as being contrary to the statutory mandates is to commence an action seeking to enjoin such conduct. The Insurance Law certainly does not enable the Department merely to issue cease and desist orders on its own initiative and without any opportunity for the aggrieved party to be heard and contest the allegations against it. (*See,* Insurance Law § 2406.) Consequently, Special Term properly granted petitioners' application to vacate the cease and desist orders.

However, Special Term was unwarranted in concluding that petitioners had committed a defined violation which entitled them to a formal administrative hearing. In that connection, the Superintendent of Insurance is authorized to conduct hearings and report on "defined violations" and "determined violations". (Insurance Law § 2402.) The conduct of an unlicensed business is not, as respondent admits, enumerated as a "defined violation" requiring a hearing. Yet, even where the agency makes such a charge of a defined violation, it is only upon a finding by the Superintendent, following a formal hearing, that the person or company complained of has engaged in a defined violation that a cease and desist order may be issued. (Insurance Law § 2406.) In the instance of a determined violation, on the other hand, the Superintendent is not empowered to issue a cease and desist order even after a hearing has been held but must, instead, institute enforcement proceedings in the courts. (Insurance Law § 2407.) At any rate, under section 2402 (c), a determined violation "means any unfair method of competition or any unfair or deceptive act or practice" which is determined to be such after a hearing. Therefore, assuming that at the conclusion of a hearing, the Superintendent were to hold that engaging in an unlicensed insurance business constitutes a determined violation, resort to injunctive action would still be necessary. For that reason, hearing or no hearing, respondent will ultimately have to bring a legal action in order to restrain petitioners from

continuing in their purportedly illegal conduct. The statute, however, does not compel the Superintendent to conduct a hearing in the present situation, and the Department of Insurance may simply choose to bypass any administrative proceedings and appeal directly to the courts.

Judgment of the Supreme Court, New York County (Ira Gammerman, J.), entered on July 30, 1984, which granted petitioners' application pursuant to CPLR article 78 to vacate respondent's cease and desist orders, should be affirmed, without costs or disbursements.

KUPFERMAN, J. P., CARRO, BLOOM and ELLERIN, JJ., concur.

Judgment, Supreme Court, New York County, entered on July 30, 1984, unanimously affirmed, without costs and without disbursements.